1  TOWNSEND AND TOWNSEND AND CREW LLP
   MARC M. GORELNIK (State Bar No. 166833)
2  TIMOTHY R. CAHN (State Bar No. 162136)
   Two Embarcadero Center, 8th Floor
3  San Francisco, California 94111
   Telephone: (415) 576-0200
4  Facsimile: (415) 576-0300

5  *Attorneys for Plaintiff*
   KOON CHUN HING KEE SOY & SAUCE
6  FACTORY, LTD.

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION

11 | KOON CHUN HING KEE SOY & SAUCE          | No. C 05-5127 MMC
   | FACTORY, LTD., a company under the laws of |
12 | Hong Kong,                              | **ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AGAINST KWONK CHIO CHEONG; PERMANENT INJUNCTION AGAINST KWONK CHIO CHEONG**
13 |                   Plaintiff,            |
14 |           v.                            |
15 | AMERICA FOOD INT'L CORP., a California  |
   | corporation; KWONK CHIO CHEONG, a       | Hon. Maxine M. Chesney
16 | California resident, and CANTON HERB CO.,|
   | a business organized under the laws of the State |
17 | of California; KWEI SAM CHEONG, a       |
   | California resident, and A F             |
18 | INTERNATIONAL TRADING CO., a business   |
   | organized under the laws of the State of |
19 | California,                             |
20 |                   Defendants.           |

28 [PROPOSED] ORDER GRANTING PLAINTIFF'S APPLICATION FOR
   DEFAULT JUDGMENT AGAINST KWONK CHIO CHEONG;
   PERMANENT INJUNCTION
   Case No. C 05-5127 MMC

Before the Court is plaintiff Koon Chun Hing Kee Soy & Sauce Factory's ("Koon Chun") application, filed April 9, 2007, for default judgment against defendant Kwonk Chio Cheong ("Cheong"), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. No opposition has been filed. Having reviewed the application, and for the reasons set forth in the application, the Court rules as follows:[1]

1. Cheong has willfully and knowingly sold counterfeit products, specifically, hoisin sauce bearing Koon Chun's registered trademark and trade dress. Accordingly, Koon Chun has established that Cheong is liable for the federal and state law claims pleaded in the Complaint.

2. Cheong is liable for the manufacturing profits Koon Chun lost, in the amount $5,644.80 trebled, specifically, $16,934.40 because Cheong knowingly sold counterfeit goods. See 15 U.S.C. §§ 1117(a), 1117(b). In the alternative to an award based on Koon Chun's actual damages, Koon Chun may elect to receive statutory damages of $100,000. See 15 U.S.C. § 1117(c). Koon Chun shall have 14 days from the date of this order to elect between a remedy based on treble damages or on statutory damages. After Koon Chun has made its election, the Court will direct the Clerk to enter final judgment.

3. Cheong is liable for Koon Chun's reasonable attorney's fees and costs, according to proof. See 15 U.S.C. §§ 1117(a), 1117(b). Koon Chun shall file a motion for an award of attorney's fees and costs and/or bill of costs no later than 14 days after entry of final judgment. See Civil L.R. 54-1(a), 54-6(a).

4. Koon Chun is entitled to a permanent injunction to prohibit Cheong from further engaging in acts of infringement and unfair competition pertaining to usage of Koon Chun's trademarks and trade dress. See 15 U.S.C. § 1116(a). Specifically, Cheong, his agents, servants, employees, attorneys, successors and assigns, and all those acting in concert or participation with them are PERMANENTLY RESTRAINED from:

---

[1] The May 18, 2007 hearing is hereby VACATED.

[PROPOSED] ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AGAINST KWONK CHIO CHEONG; PERMANENT INJUNCTION
Case No. C 05-5127 MMC

1

1   (a) imitating, copying or making unauthorized use of the registered trademark **KOON CHUN SAUCE FACTORY and Design** ("Plaintiff's Trademark"), including affixing, applying, or annexing or using Plaintiff's Trademark in connection with any product, any designs, containers, labels, displays, signs, prints, packages, wrappers, receptacles, promotions, or advertisements bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Trademark or any other false designation of origin, false description or representation, and from causing said products to enter into commerce, or causing or procuring the same to be transported or to be used in commerce, or delivering the same to any carrier to be transported or used in commerce;

(b) manufacturing, producing, distributing, importing, accepting for consignment, shipping, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Trademark and/or any other trademarks so similar as to be likely to cause confusion, to cause mistake, or to deceive;

(c) using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Trademarks or any terms confusingly similar thereto in connection with the importation, shipment, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product;

(d) making any statement or representation or using any false designation of origin or false description (including, without limitation, any letters or symbols), or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any product manufactured, distributed or sold by defendants is in any manner associated or connected with the plaintiff, or is sold, manufactured, licensed, sponsored, approved or authorized by the plaintiff or comes from the same source as plaintiff's goods, and from otherwise competing unfairly with plaintiff and injuring their business reputations;

(e) engaging in any other activity constituting unfair competition with plaintiff, or constituting an infringement of Plaintiff's Trademark, or any of plaintiff's rights in or to use or

[PROPOSED] ORDER GRANTING PLAINTIFF'S APPLICATION FOR
DEFAULT JUDGMENT AGAINST KWONK CHIO CHEONG;
PERMANENT INJUNCTION
Case No. C 05-5127 MMC

2

1   to exploit said trademark, or constituting any dilution of Plaintiff's Trademarks, reputation or
2   good will;
3        (f) destroying, buying, selling or otherwise disposing of any merchandise bearing
4   Plaintiff's Trademark which is not manufactured by the plaintiff, and instead delivering the
5   same to plaintiff or to an agent authorized to act on behalf of plaintiff for destruction;
6        (g) with regard to non-genuine goods, destroying, transferring, secreting or otherwise
7   disposing of any documents, books or records relating to the purchase, sale, importation or
8   shipment of sauces or any merchandise bearing Plaintiff's Trademark or any counterfeit or
9   simulation thereof or any other trademark so similar so as to cause confusion, mistake or
10  deception;
11       (h) passing off, inducing or enabling others to pass off any counterfeit product or
12  products bearing Plaintiff's Trademark or other trademarks so similar as to cause confusion;
13  and
14  assisting, aiding or abetting any other person or business entity in engaging in or performing
15  any of the activities referred to herein.
16       (i) assisting, aiding or abetting any other person or business entity in engaging in or
17  performing any of the activities referred to herein.

19  IT IS SO ORDERED.

21  Dated: May 3, 2007

                                               Honorable Maxine M. Chesney
                                               United States District Judge

[PROPOSED] ORDER GRANTING PLAINTIFF'S APPLICATION FOR
DEFAULT JUDGMENT AGAINST KWONK CHIO CHEONG;
PERMANENT INJUNCTION
Case No. C 05-5127 MMC

3